**Jamie RILEY, Plaintiff,**

v.

**WALGREEN CO., Defendant.**

**Civ.A. No. H–04–2189.**

United States District Court,
S.D. Texas,
Houston Division.

Jan. 31, 2005.

Daniel Lee Alford, IV, Attorney at Law, Bryan, TX, for Plaintiff.

John Philip Griffis, Hays, McConn, Rice & Pickering, Houston, TX, for Defendant.

## MEMORANDUM AND ORDER

STEPHEN WM. SMITH, United States Magistrate Judge.

Plaintiff Jamie Riley's motion to compel discovery responses (Dkt. 22) has been referred to this magistrate judge for disposition. For the reasons explained below, the motion is granted in part and denied in part.

### I. *Background*

Riley filed this action in Texas state court against Walgreen Co. for negligence in failing to fill her prescriptions according to her physician's orders. On May 28, 2004, just prior to removal, Riley served Walgreen with requests for disclosure, requests for production, requests for admission, and interrogatories, in accordance with Texas rules of procedure. On June 2, 2004, Walgreen removed the case to federal court on diversity grounds.

The parties conducted a Rule 26(f) conference on September 2nd, and the next day filed a joint discovery/case management plan with the court. The parties' joint report briefly addresses Riley's pre-removal state court discovery as follows: "Plaintiff has sent interrogatories to Defendant, who has agreed to respond 30 days after the September 21, 2004 Scheduling Conference." (Dkt. 6, ¶ 10(b)). The plan makes no reference to Riley's other discovery requests. On January 3, 2005, Walgreen responded to Riley's requests for admission and requests for production, asserting objections based on temporal and organizational scope, as well as confidentiality of certain patient and personnel records. As far as the record shows, Walgreen has not answered Riley's interrogatories.

### II. *Waiver*

■ Riley contends that Walgreen has waived its objections to all pre-removal discovery by failing to assert those objections within the time required by the Texas Rules of Civil Procedure. Because the requests for production and requests for admission stand on a different footing than the interrogatories, they will be discussed separately.

### A. *Pre–Removal Requests for Admission and Requests for Production*

The starting point for analysis is the well-settled rule that once a state court action is removed, it is governed by federal, rather than state, procedure. *See* FED.R.CIV.P. 81(c) ("These rules apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal"); *Willy v. Coastal Corp.,* 503 U.S. 131, 134, 112 S.Ct. 1076, 117 L.Ed.2d 280 (1992) ("This expansive language creates no exceptions"). The federal procedural rule most pertinent here is Rule 26(d), which proscribes "discovery from any source before the parties have conferred as required by Rule 26(f)." Several categories of cases are exempted from the rule, but there is no exemption for removed cases. *See* FED. R.CIV.P. 26(d).[1] By its express terms, Rule 26(d) bars discovery until after the parties have conferred about a discovery plan as directed by Rule 26(f).

Riley attempts to circumvent this rule by citing general language from cases in other contexts, to the effect that a removed case "comes into the federal system in the same condition in which it left the state system." *See NCNB Tex. Nat'l Bank v. Johnson,* 11 F.3d 1260, 1264 (5th Cir.1994) (citing *In re Meyerland Co.,* 960 F.2d 512, 520 (5th Cir. 1992) *(en banc), cert. denied,* 506 U.S. 1049, 113 S.Ct. 967, 122 L.Ed.2d 123 (1993)). Riley might also have cited 28 U.S.C. § 1450 to the same effect: "All injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." But neither the plaintiff's cases nor the statute deal specifically with discovery or procedure after removal, unlike Rules 26(d) and 81(c).

■ Riley's position that state procedural rules continue to govern discovery served but not due prior to removal was rejected by the

---

1. The rule creates an exception "when authorized under these rules or by order or agreement of the parties." FED.R.CIV P. 26(d). As discussed below, Riley's interrogatories fall under the agreement exception to the rule.

Fifth Circuit in *McIntyre v. K–Mart Corp.*, 794 F.2d 1023, 1025 (5th Cir.1986). The court affirmed the lower court's application of its local rule limiting parties to twenty-five interrogatories, rejecting the plaintiffs' contention that because they filed more than twenty-five interrogatories in state court before the case was removed, they were entitled to have all those interrogatories answered as a matter of right. The Fifth Circuit observed that plaintiffs' argument "appears to be wholly without support in the case law," and found it "just barely colorable enough to escape Rule 38 sanctions." *Id.*[2]

Riley's position would effectively rewrite Rule 26(d), creating an implied and unwarranted exception to the discovery bar for removed cases. Nothing in the language of the rule permits a party to continue to seek discovery which may have been properly served under state law rules pre-removal. Rule 26(d)'s proscription sweeps broadly: not only may a party not "serve" discovery, it may not even "seek" discovery from any source until after the Rule 26(f) conference. The drafters of the rule believed that "it is desirable that the parties' proposals regarding discovery be developed through a process where they meet in person, informally explore the nature and basis of the issues, and discuss how discovery can be conducted most efficiently and economically." *See* FED. R.CIV.P. 26(f) 1993 advisory committee note. The discovery bar facilitates the goal of orderly, efficient, and economical discovery by creating an incentive to meet and devise a joint discovery plan at an early stage of the litigation. Allowing uncompleted state court discovery to remain "live" after removal would not serve, and might well undermine, this purpose.

■ Riley argues that Rule 26(d) is really only a "discovery abatement" rule, and that any discovery served prior to the Rule 26(f) conference is merely held in abeyance until after the parties meet, confer, and submit their Rule 26(f) plan. Again, the language of the rule lends no support for that argu-

ment—"[A] party may not **seek** discovery from any source before the parties have conferred as required by Rule 26(f)" (emphasis added). *See also* FED.R.CIV.P. 33(a), 34(b), 36(a) (absent leave of court or written stipulation, these forms of discovery "may not be served before the time specified in Rule 26(d)"). Riley's position would permit what the rules expressly disallow. Moreover, Riley's contention that, after a Rule 26(d) "tolling" period, state court procedural deadlines remain operable is irreconcilable with the plain command of Rule 81(c) that **federal** rules govern procedure after removal.

Rule 26(d) does permit parties to avoid the discovery bar by agreement. Indeed, by requiring the parties to meet and confer about a discovery plan, the Rule 26(f) conference provides a ready mechanism for counsel to discuss and resolve the status of pending state court discovery. Except for the interrogatories, the parties here apparently did not discuss pending state discovery during their Rule 26(f) conference. The joint discovery plan is silent regarding the plaintiff's earlier requests for admission and for production. Nor is there any other written stipulation between the parties which sets a deadline for responding to these requests or otherwise modifies the limitations of Rule 26(d). Accordingly, Walgreen's voluntary responses to those discovery requests on January 3, 2005 were not untimely, nor were Walgreen's objections to these requests waived under the federal rules.

### B. *Interrogatories*

■ The situation is different regarding Riley's interrogatories. Unlike the requests for admission and requests for production, the parties did execute a written agreement concerning the due date for responding to these interrogatories. In their Joint Discovery/Case Management Plan, the parties made the following specific representation to the court:

---

2. The court is aware that Riley's position is now supported by one district court decision in this circuit. *Bush v. City of Dallas,* 1997 WL 135654 (N.D.Tex.1997). A later district court decision reaches a contrary result. *Cowboy Mouth, L.L.C.*

*v. Monkey Hill Productions, Inc.,* 1998 WL 781234 (E.D.La.1998). The court agrees with Walgreen that the *Bush* decision misreads *McIntyre.*

10. Describe the proposed agreed discovery plan, including:

. . .

b. When and to whom the plaintiff anticipates it may send interrogatories.

Plaintiff has sent interrogatories to Defendant, who has agreed to respond 30 days after the September 21, 2004 Scheduling Conference.

Dkt. 6.

Under Federal Rule of Civil Procedure 29, parties' stipulations regarding discovery procedure, including modifications of time limits, are enforceable so long as they do not interfere with court-imposed discovery deadlines or trial settings. Rule 29 stipulations need not take any particular form, so long as they are in writing. *See* FED.R.CIV.P. 29. It is certainly permissible to include such stipulations in a joint discovery plan; indeed, that is the most logical place to make such agreements under the federal rules. The parties' stipulation concerning the deadline for answering Riley's interrogatories is binding and enforceable. Walgreen's responses to the interrogatories were thus due by October 20, 2004.

Walgreen has not complied with its agreement to answer the interrogatories by this date; indeed, it has not answered them at all. It seeks to excuse this non-compliance by its inadvertent failure to "calendar" the deadline. This type of omission does not constitute good cause for failure to assert a timely objection under Rule 33(b)(4). Therefore, Walgreen's objections to these interrogatories have been waived, and Riley is entitled to an order compelling Walgreen to answer them.

### III. Objections to Requests for Production and Requests for Admission

Because Walgreen's responses to Riley's requests for admission and requests for production were not untimely under the federal rules, its objections to those requests must be considered. These objections may be grouped under three headings: (1) temporal and organizational scope; (2) patient confidentiality; and (3) employee confidentiality.

### A. Scope

■ Riley requests disclosure of information pertaining to prescription mishandling incidents occurring in three Brazos County Walgreen stores, including the particular store which filled Riley's prescription. Walgreen objects that information pertaining to stores other than the one which gave rise to this litigation is neither relevant nor calculated to lead to the discovery of admissible evidence.

This court agrees. None of the pharmacy employees or store managers involved in the Riley incident are alleged to have worked at other stores. Riley avers that the stores' computer systems may be linked and that they serve "basically the same population base" in the county. But these factors do not set the appropriate geographical bounds for discovery in this case. All Walgreen stores in the United States may well be linked together by the same computer system, but that fact alone would not justify nationwide discovery. And whether these stores serve the same population base is irrelevant, because the only Walgreen customer who is a party to this case is the plaintiff herself. Riley's "sampling" argument, i.e., that she wants to evaluate "whether the store at issue in this lawsuit is better, worse, or on a par with other Walgreen stores," is an invitation to embark upon a fishing expedition of no particular value to this litigation. Walgreen's objection to discovery pertaining to prescription mishandling incidents at stores other than that which handled Riley's prescription is sustained.

On the other hand, Walgreen's objection to the temporal scope of the requested discovery is not well taken. As Riley points out, Walgreen has incorrectly assumed that her discovery requests are unlimited in duration. In fact, her requests are confined to the period after January 1, 2000. *See* Pl.'s Ex. C–2, at 7–8; Pl.'s Ex. C–3, at 7–8. This is a reasonable time period, especially given the limited focus on a single store. Riley is entitled to discovery involving other incidents occurring from that date until the end of the discovery period.

### B. *Patient Confidentiality*

Riley seeks discovery into other incidents of incorrectly-filled prescriptions, which raises obvious and serious confidentiality concerns. Patient prescription drug orders and medication records contain highly sensitive and personal information, and their privileged status is expressly protected by state law governing the practice of pharmacy in Texas. *See* Texas Pharmacy Act, Tex. Occupations Code §§ 551.003(10), 562.052. Riley does not contest this fact, but argues that a confidentiality order prohibiting disclosure to third parties is sufficient protection. Walgreen counters that, in addition to a confidentiality agreement, redaction of customer/patient names is necessary to ensure patient confidentiality.

Given the extremely sensitive information at issue, the court agrees that both redaction of names and a confidentiality agreement are appropriate. Riley's objection to redaction, i.e., that it would hinder further investigation into matters relevant to exemplary damages, is blunted by the fact that Walgreen will be required to provide names of complaining customers (without reference to their particular prescriptions) in response to Interrogatory No. 1. Production of prescription records segregated from customer names, under the auspices of a confidentiality agreement, achieves the appropriate balance between plaintiff's legitimate discovery needs and the protection of third party medical records.

### C. *Personnel Records*

Riley seeks personnel records for the pharmacist and pharmacist's supervisor responsible for handling the prescription at issue. Such files may clearly lead to the discovery of admissible evidence, such as Walgreen's actual knowledge of prior misfeasance by these employees. Walgreen's concerns about protecting employee privacy can be dealt with through a confidentiality agreement limiting their use and disclosure. The court overrules Walgreen's relevance objections to this discovery, and will order the files produced subject to a confidentiality agreement.

### IV. *Conclusion*

Riley's motion to compel is granted in part and denied in part: (1) Walgreen is ordered to answer Riley's First Interrogatories to Walgreen within 20 days from the date of this Order, and any objections to this discovery have been waived; (2) Walgreen's objection to discovery pertaining to prescription incidents at stores other than that which filled Riley's prescription is sustained; (3) Walgreen's objection to the temporal scope of Riley's discovery requests is overruled; (4) Walgreen's objection to disclosure of prescription records identifying patient names is sustained, and Walgreen will be allowed to redact patient names from requested pharmacy records, which are to be produced subject to a confidentiality agreement within 30 days from the date of this order; and (5) Walgreen is ordered to produce the personnel files of the pharmacy employees subject to a confidentiality agreement within 30 days from the date of this Order. All other requested relief is denied.